Louis M. Logrande, Jr. v. Commissioner.
Logrande v. Commissioner
Docket No. 80431.
United States Tax Court
T.C. Memo 1961-54; 1961 Tax Ct. Memo LEXIS 287; 20 T.C.M. (CCH) 297; T.C.M. (RIA) 61054; February 28, 1961
*287 Income of taxicab driver from tips determined. Louis M. Logrande, Jr., pro se. Robert B. Alexander, Jr., Esq., and Allen T. Akin, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income taxes of petitioner for the year 1957 in the amount of $142.36. The only issue presented is the amount of tips received by petitioner, a taxicab driver, in the year in question. Findings of Fact The petitioner filed an individual Federal income tax return for the taxable year 1957 with the district director of internal revenue at New Orleans. During the taxable year 1957, from April 1, to November 23, the petitioner was employed as a taxicab driver by the Checker Cab Company of New Orleans, Louisiana, earning wages in the amount of $1,919.93. No tips were reported as income. Petitioner kept no records of any kind as to the amount of tips that he received during the taxable year 1957 while working as a driver for the Checker Cab Company. Petitioner acknowledged having received tip income during the year 1957. The wages of petitioner as a driver for the Checker Cab Company in New Orleans were *288 determined on the following basis: 48 1/2 percent of gross fares collected by the driver less 48 1/2 percent of the cost of the gasoline used in his cab. The gross fares collected by a driver for the said company in 1957 approximated 240 percent of his wages. Two hundred and forty percent of the wages paid to petitioner during 1957 by the Checker Cab Company amounts to $4,607.83. The average tip received by a cab driver in the New Orleans area was 15 percent of the gross fare collected from a passenger. Fifteen percent of $4,607.83 is $691.17. Respondent determined that petitioner's tips for 1957 totaled $691.17. His determination was based upon the foregoing calculation. The taxicab company handled the transportation of most of the blind people in New Orleans on a contract basis which did not include tips. It also handled the transportation of employees of large concerns on purchase orders from the company which did not include tips. The record does not disclose how many of such trips, if any, were made by petitioner as driver, or how much, if any, of petitioner's salary was based on such trips. Opinion The burden of proof rests with petitioner. Petitioner admits he *289 received tips, as a cab driver, in 1957. He included no tips as income in his 1957 return and kept no record of his tips. His testimony was directed to an effort to minimize the amount of such tips, but observation of him while on the stand, and analysis of his testimony, satisfies us that he is not worthy of belief. Since petitioner kept no records, it was necessary for respondent, in determining a deficiency, to compute the amount of petitioner's tips on the basis of the best information which could be procured. He made his determination, after investigation and examination of records and returns of cab drivers of the same company operating in the same area, upon the basis of the formula set forth in our Findings. We think his determination was reasonable under the circumstances, and petitioner has completely failed to demonstrate error. With respect to the transportation of blind people under contracts not including tips, and purchase orders from large companies likewise having no arrangement for tips, we can only say that the record does not disclose how many, if any of such trips were made by petitioner, or how much, if any, of petitioner's salary was based on such trips. *290 The investigating agent made no adjustment for these factors, but he had no basis on which an adjustment could be calculated. Moreover, since his investigation included data relating to drivers of the same company, there is at least a probability that his formula gave effect thereto. In any event, petitioner has wholly failed to meet the burden of proving error in respondent's determination. See . Decision will be entered under Rule 50.